**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TERENCE PINCKNEY,<br>Plaintiff,<br>v.<br>OFFICER JOSHUA BONANO, ET AL.,<br>Defendants. | Case No. 1:26-cv-6066-KMW-EAP<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court pursuant to the application ("Application") of pro se plaintiff Terence Pinckney ("Plaintiff") to proceed *in forma pauperis* ("IFP") (ECF No. 1-1); and Plaintiff having brought this action against defendants Officers Joshua Bonano, Amiel Lane, and the Camden County Police Department ("Defendants"), on May 27, 2026, and the Court finding;

1. Pursuant to 28 U.S.C. §1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees. Specifically, he asserts that he has no income or expenses and that he does not have a spouse to contribute income or share in expenses.

3. The Court shall accordingly screen the action to determine whether Plaintiff's complaint (ECF No. 1) is (a) frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B)(i)–(iii).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a

complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court notes that while pleadings filed by pro se plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

5. A complaint must also comply with Rule 8, which requires a complaint to include: (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). The Rule also requires each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555.

6. Plaintiff asserts claims pursuant to 42 U.S.C. § 1983 for false arrest, false imprisonment, and violation of his First Amendment right of assembly.

7. As an initial matter, Plaintiff indicated on the form complaint that he is suing Defendants in their official capacities. However, claims against government employees named in their official capacity are indistinguishable from claims against the governmental entity that employs them. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'") (quoting *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n. 55 (1978)). Because Plaintiff does not attempt to allege an official capacity claim, the Court will liberally construe the Complaint to assert claims against the Defendants in their individual capacities. *See Downey v. Pa. Dep't of Corr.*, 968 F.3d 299, 310 (3d Cir. 2020) ("To determine whether a plaintiff sued state officials in their official capacity, we first look to the complaints and the course of proceedings." (quotations omitted)); *Coward v. City of Phila.*, No. 21-1619, 2021 WL 4169422, at *3 (E.D. Pa. Sept. 13, 2021) (permitting claim against defendant in his individual capacity to proceed event though "[plaintiff] did not check the box indicating a desire to sue [that defendant] in his individual capacity" where the allegations clearly sought relief based on the defendant's conduct). The Court will also address Plaintiff's claim against the Camden County Police Department.

**A. Individual Capacity Claims**

8. The first two individual capacity claims implicate the Fourth Amendment. The Fourth Amendment protects against unreasonable searches and seizures, which includes protections against false arrest and unlawful detention. *See James v. City of Wilkes-Barre*,

700 F.3d 675, 680-83 (3d Cir. 2012).[1] To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest: and (2) that the arrest was made without probable cause. *Id.* at 680. False imprisonment sweeps broader than false arrest, and requires only a showing that: (1) a plaintiff was detained; and (2) the detention was unlawful. *Id.* at 682-83. Thus, an individual may state a claim for an unlawful detention where he plausibly alleges that an investigative detention was not supported by reasonable suspicion. *See, e.g., Johnson v. City of Pittsburgh*, Civ. No. 16-1068, 2017 WL 2437322, at *6-7 (W.D. Pa. May 10, 2017) (recommending denial of a Rule 12(b)(6) motion to dismiss unlawful seizure claim where the alleged facts plausibly supported a finding that the investigative detention was unreasonable), Report and Recommendation adopted, 2017 WL 2418722 (W.D. Pa. June 5, 2017).

9. A Fourth Amendment seizure occurs when a police officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen. *United States v. Crandell*, 554 F.3d 79, 84 (3d Cir. 2009) (quoting *Terry, v. Ohio*, 392 U.S. 1, 19-20 n.16)). *See also Florida v. Bostick*, 501 U.S. 429, 436 (1991) (a seizure occurs when a reasonable person would not feel free to leave or otherwise terminate the encounter).

10. Pursuant to *Terry*, a law enforcement officer may conduct a brief, investigative seizure if they have reasonable suspicion that criminal activity is afoot. 392 U.S. at 30. For the seizure to comply with the Fourth Amendment, the facts known to the officers at the moment of seizure must support a "particularized and objective basis for suspecting [the defendant] of [unlawful] activity." *United States v. Brown*, 448 F.3d 239, 246 (3d Cir. 2006) (quoting *United States v. Cortez*, 449 U.S. 411, 417-18 (1981)). While a less demanding standard than probable cause, reasonable suspicion requires "at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123 (2000).

11. A *Terry* stop must be limited in scope and duration or the stop is in actuality, a full-blown arrest. *See Florida v. Royer*, 460 U.S. 491, 500, (1983). The Supreme Court has declined to issue a bright-line rule as to when an investigatory stop becomes an arrest, preferring instead for courts to make such determinations based on 1) the diligence of the officers involved; 2) the degree to which the individuals' liberty is restrained; 3) and whether the officers transferred the individuals to another location during their detention. *United States v. Sharpe*, 470 U.S. 675, 685-86 (1979). *Compare id.* at 683 (20-minute detention constituted investigative stop) *with Dunaway v. New York*, 442 U.S. 200 (1979) (one-hour confinement at police station constituted arrest).

12. Here, Plaintiff alleges that on June 6, 2025, he was standing on a public sidewalk in Camden, New Jersey, engaging in no illegal activity, when the Defendant Officers approached him and demanded his identification. When Plaintiff questioned the basis for the demand, the Officers handcuffed him and placed him in the back of a patrol vehicle. Plaintiff remained detained until a supervisor arrived at the scene. Following a brief

---

[1] A Fourth Amendment claim for false imprisonment is synonymous with a claim for an unlawful seizure. *See Groman v. Township of Manalapan*, 7 F.3d 628, 636 (3d Cir. 1995).

discussion with the Officers, the supervisor instructed them to uncuff Plaintiff and release him.

13. Based on the facts as alleged, Plaintiff was detained beginning when the Officers handcuffed him and placed him in the back of a patrol car.[2] According to the Complaint, Plaintiff was merely standing on the sidewalk, engaging in no illegal activity, and simply inquiring why the Officers required his identification. Accepting Plaintiff's allegations as true, the officers lacked reasonable suspicion or probable cause to justify the detention. Accordingly, Plaintiff has sufficiently stated a false imprisonment claim for screening purposes.

However, Plaintiff fails to allege sufficient facts to plausibly demonstrate that the encounter rose to the level of a de facto arrest. *See United States v. Jiminez*, 767 F. App'x 318, 319 n.8 (3d Cir. 2019) (noting the district court erred by finding an encounter rose to an arrest simply because the defendant was handcuffed and not free to leave). Although the *Jiminez* court left open whether being handcuffed in the back of a police SUV for 100 minutes escalated a *Terry* stop into an arrest, *id.*, Third Circuit precedent establishes that "placing a suspect in handcuffs while securing a location or conducting an investigation" does not "automatically transform an otherwise valid *Terry* stop into a full-blown arrest." *See United States v. Johnson*, 592 F.3d 442, 448 (3d Cir. 2010).

Here, Plaintiff has not articulated how long he remained in the police vehicle or described any other circumstances that would elevate the encounter into a full-blown arrest. Therefore, the Court will dismiss Plaintiff's claim for false arrest *without prejudice.*

14. The First Amendment protects the right to associate for the purpose of engaging in activities protected by the First Amendment, such as speech, assembly, and the exercise of religion. *See Roberts v. U.S. Jaycees*, 468 U.S. 609, 618 (1984). To violate a plaintiff's right to freedom of assembly, the government must "directly and substantially interfere" with a plaintiff's ability to freely associate. *Lyng v. Int'l Union United Auto., Aerospace & Agr. Implement Workers of Am. UAW*, 485 U.S. 360, 366 (1988).

15. Here, the complaint alleges only that police detained Plaintiff while he was standing on the sidewalk engaging in no illegal activity. Accordingly, the complaint lacks any allegation that Plaintiff was exercising his First Amendment rights or associating with others. *Cf. Rojas v. City of New Brunswick*, Civ. No. 04-3195, 2008 WL 2355535, at *6 (D.N.J. June 4, 2008) (dismissing First Amendment assembly claim because standing on the street with an acquaintance who has an expressive tattoo is not protected); *see also Dallas v. Stanglin*, 490 U.S. 19, 25 (1989) (explaining that while a "kernel of expression"

---

[2] While Plaintiff claims the officers detained him earlier, the facts do not clearly establish that the request for identification amounted to a show of authority or that Plaintiff acceded to it. *See Florida v. Bostick*, 501 U.S. 429, 434–35 (1991) (holding that a police request for identification does not by itself, constitute a Fourth Amendment seizure); *California v. Hodari D.*, 499 U.S. 621, 626 (1991) (holding that a seizure requires either the application of physical force or a "show of authority" to which the subject submits).

can be found in most activities, it is "not sufficient to bring the activity within the protection of the First Amendment").

Therefore, the Court will dismiss this claim. Out of an abundance of caution, the Court dismisses this claim *without prejudice*. Plaintiff may refile the claim if he can demonstrate a substantial interference with an activity protected by the First Amendment.

**B. Camden County Police Department**

16. In New Jersey, a municipal police department cannot be sued under section 1983, because it is "merely an administrative arm of the local municipality." *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004). *See, e.g.*, *Carmichael v. Camden Cnty. Police Dep't*, Civ. No. 22-5019, 2026 WL 322514, at *12 n.21 (D. N.J. Feb. 6, 2026) (dismissing claim against Camden County Police Department for same reason). Therefore, the Court will dismiss all claims against the Camden County Police Department *with prejudice*.

On this **4th day of November,** having considered the application to proceed without prepayment of fees under 28 U.S.C. § 1915 (ECF No. 1-1),

**IT IS ORDERED** the Application is **GRANTED.**

1. The clerk is directed to file the complaint (ECF No. 1).

2. The Court hereby **DISMISSES WITHOUT PREJUDICE** Plaintiff's individual capacity claims for false arrest and violation of freedom of assembly, and **DISMISSES WITH PREJUDICE** Plaintiff's claims against the Camden County Police Department.

3. The Clerk shall issue a summons and the U.S. Marshals Service shall serve a copy of the complaint, summons, and this order upon the defendant(s) as directed by the plaintiff. All costs of service shall be advanced by the United States.

KAREN M. WILLIAMS
United States District Judge